UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MAIKEL ALVAREZ REYES,

Petitioner,

v.

CHRISTOPHER J. LAROSE, ET AL.,

Respondents.

Case No. 26-cv-04819

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Maikel Alvarez Reyes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting release from immigration detention or a prompt custody redetermination hearing. (Dkt. No. 1 ("Petition").) Petitioner, a citizen of Cuba, attempted to enter the United States on December 13, 2020. (*Id.* ¶ 1.) He was issued a Notice to Appear and returned to Mexico while awaiting adjudication of his matter under the Remain in Mexico policy, and reentered the United States without inspection on December 25, 2020. (*Id.* ¶ 2.) Petitioner has resided in the United States since that date, and has a pending asylum application. (*Id.* ¶ 3.) Petitioner was arrested on June 24, 2026, in Florida, and charged with Grand Theft. (*Id.* ¶ 4; Dkt. No. 7 at 2.)[1] Petitioner has pled not guilty, was released on a bond of $3,000, and his case remains pending. (Petition ¶ 4; Dkt. No. 7-1.)

The arrest affidavit submitted with the Petition indicates that in June 2024, an individual reported to the police she had paid Petitioner $9,200 dollars to purchase and install glass windows and doors, but the work was never done. (Dkt. No. 1-8 at 3.) Following the complaint, the police did not locate Petitioner until 2026, at which point he was arrested. (*Id.* at 5.) The

[1] Citations to page numbers refer to ECF pagination.

officer states in the arrest affidavit that Petitioner confessed that he received the funds and that he did not provide the promised services or materials. (*Id.*) Respondents do not contest that Petitioner has no criminal history aside from the pending charge. Petitioner is being detained at the Otay Mesa Detention Center. (Petition ¶ 5.) Respondents assert that 8 U.S.C. § 1252(g) deprives the court of jurisdiction over this matter, and that even if it did not, that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E). (Dkt. No. 4 at 1.)[2] Petitioner asserts that his detention without a pre- or prompt post-deprivation hearing violates procedural due process under the Fifth Amendment. (Petition at 16.)

As a threshold matter, Petitioner's claim is not barred by Section 1252(g), which states that "[n]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Section 1252(g) should be read "narrowly" to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 991, 996 (9th Cir. Aug. 27, 2025) (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)). Petitioner's due process challenge to his ongoing immigration detention does not implicate any of these three discreet actions. *See Salazar v. Casey,* No. 25-cv-2784, 2025 WL 3063629, at *2 (S.D. Cal. Nov. 3, 2025).

As to the merits, Section 1226(c)(1)(E)—also known as the Laken Riley Act ("LRA")—requires detention of an inadmissible noncitizen who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any . . . theft[.] " 8 U.S.C. § 1226(c)(1)(E). Petitioner does not dispute that, facially, the Laken Riley Act applies to him, in light of the pending criminal charge in Florida and Respondents' inadmissibility determination. (Dkt. No. 7-1 at 2.) However, Petitioner argues

[2] Because Respondents do not claim that Petitioner is subject to detention under 8 U.S.C. 1225(b), Count One of the Petition challenging the applicability of that subsection is moot. This order therefore proceeds to analyze only Count Two.

that "application of the LRA in the instant case results in punitive detention that is a violation of the Due Process Clause." (*Id.*) He notes that he has entered a not guilty plea and was released on bond. (*Id.*) As Petitioner correctly notes, many courts in this Circuit have questioned whether the LRA comports with procedural due process "where a non-citizen's detention is based on an arrest or charges that were dismissed" and thus "have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes," and that "mandatory detention is not required when charges are never filed." *Gutierrez-Paniagua v. Mullin*, No. 26-cv-2512, 2026 WL 1747297, at *3 (S.D. Cal., June 17, 2026) (citing *Makhlouf v. Warden, California City Corr. Ctr.*, No. 26-cv-03455, 2026 WL 1431056, at *2 (E.D. Cal. May 21, 2026)); *see also Singh v. Chestnut*, No. 26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026); *Mendoza v. Mullin et al.*, No. 26-cv-2825, 2026 WL 1507832, at *2 (S.D. Cal. May 29, 2026); *Gopal B. v. Albarran*, No. 26-cv-01083, 2026 WL 504736, at *3 (E.D. Cal. Feb. 24, 2026); *Flores Martines v. Mattos*, No. 26-cv-00606, 2026 WL 1362529, at *5–6 (D. Nev. May 15, 2026); *Doe v. Moniz*, 800 F. Supp. 3d 203, 207 (D. Mass. 2025). However, unlike the petitioners in the above cases, the charge against Petitioner was filed and remains pending. As a result, the procedural due process analysis of the LRA's application to Petitioner raises different considerations than in those cases.

The three-part test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), applies to Petitioner's as-applied due process challenge to his immigration detention. *See Claros v. Albarran*, 811 F. Supp. 3d 1062, 1066 (N.D. Cal. 2025) (collecting cases). *Mathews* requires consideration of (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

With respect to the first prong of the *Mathews* test, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Courts have consistently found non-citizens' challenges to their immigration detention under the Due Process Clause cognizable. *See*, *e.g.*, *Lopez-Campos v. Raycraft*, 175 F.4th 713,

720, 732–734 (6th Cir. 2026) (collecting cases and finding that noncitizens who had resided in the United State for several years "have a liberty interest to be free from detention"); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022) ("[A]n individual's private interest in freedom from prolonged detention is unquestionably substantial." (citation modified)). Petitioner, who has been living in the United States for more than five years, has a protectible liberty interest in being free from detention.

However, with respect to the second factor, Petitioner has not shown a sufficiently high risk of erroneous deprivation such that he currently has an interest in pre- or immediate post-deprivation process that outweighs the government's interest in subjecting him to mandatory detention. The record shows that there is a charge pending against Petitioner for a serious theft offense involving over $9,000, and that the arresting officer reports that Petitioner confessed to the facts underlying the charge. These circumstances tend to lower the risk that Petitioner's mandatory detention will subject him to an erroneous deprivation, and Petitioner does not point to any specific circumstances raising a heightened risk of error here, such as an indication that the confession was coerced or otherwise inaccurate.

As to the third factor, while a long-stale arrest or criminal charge might not be supportive of the legitimate interests of immigration detention to avoid flight risk and danger to the community, Petitioner has not shown that to be the case here. The record shows that, although the underlying events occurred in 2024, Petitioner was not "located" by the police until June 24, 2026, and as a result he was taken into immigration detention promptly after being charged. Furthermore, while Petitioner rightfully asserts that he is entitled to a presumption of innocence until proven guilty of the criminal charge, he has not shown that the government's legitimate interests supporting immigration detention cannot be informed by the pending charge or his admissions about the circumstances surrounding it. Likewise, the fact that Petitioner was released on bond in Florida in his criminal case, without more information about the basis for such release, does not show that the government lacks a legitimate interest in subjecting him to immigration detention.

In sum, on the current record, Petitioner has not shown that application of the LRA to the circumstances of his case amounts to a procedural due process violation at this stage of his detention. Therefore, for the reasons discussed above, the Petition for Writ of Habeas Corpus and the derivative request for costs and fees is **DENIED**.

Dated: September 14, 2026

RITA F. LIN
United States District Judge